# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53694-3-II |
| Respondent, | |
| v. | |
| GREGORY MARK SIMON, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — A jury convicted Gregory Mark Simon of one count of attempting to elude a pursuing police vehicle, one count of unlawful possession of a controlled substance (methamphetamine), and one count of unlawful possession of a controlled substance (cocaine). Simon appeals his conviction and sentence.  While this appeal was pending, our Supreme Court held in *State v. Blake*[1] that RCW 69.50.4013(1)—the strict liability drug possession statute— violates state and federal due process, and thus, the statute is unconstitutional and void.

On the first day of trial, Simon moved to continue the trial because he wanted to retain private counsel to substitute for appointed counsel.  The trial court denied his motion noting the *Hampton*[2] factors for considering the motion.  Simon argues that the trial court violated his Sixth Amendment right to counsel of his choice and abused its discretion by denying his motion.  Simon

---

[1] *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021).

[2] *State v. Hampton*, 184 Wn.2d 656, 669-70, 361 P.3d 734 (2015).

also argues that the trial court erred by imposing a community supervision fee after finding him indigent. After the *Blake* decision, Simon filed a supplemental brief and motion requesting that his convictions for unlawful possession of a controlled substance be vacated in light of *Blake*. The State in response conceded that Simon's two unlawful possession convictions should be vacated under *Blake* and that the community supervision fee should be stricken. While this appeal was pending, the parties also filed an agreed RAP 7.2 motion asking this court to remand for the trial court to vacate the 12 month community custody term with prejudice.

We hold that the trial court did not abuse its discretion by denying Simon's motion to continue. We also grant the parties' agreed RAP 7.2 motion to remand for the trial court to vacate Simon's two current convictions for unlawful possession of a controlled substance, vacate the 12 month community custody with prejudice, strike the community supervision fee, and amend the judgment and sentence accordingly.

FACTS

I. BACKGROUND

On January 3, 2019, the State charged Simon with one count of attempting to elude a pursuing police vehicle and one count of failure to transfer title. Based on finding Simon was indigent, the court appointed counsel. The Department of Assigned Counsel filed a notice of appearance and demand for discovery, and appointed Simon an attorney.

On January 29, the trial court granted Simon's request for a trial continuance for "case investigation, witness interviews, and ongoing negotiations [with the] prosecution." Clerk's Papers (CP) at 94. On March 12, the court granted the parties' joint request for a trial continuance

for "completion of witness interviews and preparation for new charges to be added at rearraignment." CP at 95. The court scheduled the jury trial for May 14.

On April 16 at the omnibus hearing, the State filed an amended information and charged Simon with one count of attempting to elude a pursuing police vehicle, one count of first degree unlawful possession of a firearm, one count of unlawful possession of a controlled substance (methamphetamine), and one count of unlawful possession of a controlled substance (cocaine). The State stated that it had provided defense with all discovery at least seven days prior to the hearing. Simon's attorney stated that she had reviewed all discovery and met with Simon to discuss the case. The State had already filed its witness list. The court instructed Simon to file his witness list two weeks before trial. The trial remained scheduled for May 1, 2019.

On the morning of trial on May 14, and before motions in limine, a CrR 3.5 hearing, or jury selection, Simon moved the court to replace his appointed counsel. Simon argued that he was not ready for trial, having just received a compact disc (CD) with discovery and there were irreconcilable differences with appointed counsel. Simon's appointed counsel told the trial court that except for the CD, she had provided Simon with all discovery, she had reviewed it with him, and she was prepared for trial. She also said that when she met with Simon the previous week for trial preparation, he said he intended to look into retaining private counsel and continuing the trial. She also explained that if the trial court denied Simon's motion to continue trial to hire private counsel, then Simon wanted a different attorney assigned to his case. When asked why his retained attorney was not present in court, Simon explained that his "people" were bringing the retainer money to the attorney that day after work.

The trial court noted that it evaluates a motion to continue to substitute counsel under the *Hampton* factors, but explained that most of the *Hampton* factors could not be analyzed because Simon's substitute counsel was not present to answer questions or indicate his ability to substitute for appointed counsel, who was present and ready for trial as was the State. The court also noted that the case was already 131 days old and trial was scheduled to start that day. The court denied Simon's continuance request.

## II. PROCEDURAL HISTORY

Later that day, when the parties appeared before the trial judge, appointed counsel advised the court that Simon wanted her to renew his request for a continuance. The trial court stated that the matter had been previously decided by the presiding judge and he was not going to change the court's ruling. The trial then commenced. The jury found Simon guilty of one count of attempting to elude a pursuing police vehicle, one count of unlawful possession of a controlled substance (methamphetamine), and one count of unlawful possession of a controlled substance (cocaine), but found him not guilty of one count of first degree unlawful possession of a firearm.

On June 14, the court sentenced Simon to 27 months in prison for attempting to elude a pursuing police vehicle along with 12 months each for the two unlawful possession of a controlled substance convictions to run concurrently for a total period of confinement of 27 months. The court also sentenced Simon to 12 months of community custody following his time in confinement. The court found Simon indigent. The court imposed non-mandatory fees and ordered Simon to pay a community supervision fee as determined by the Department of Corrections (DOC). Simon appealed his judgment and sentence.

While this appeal was pending, our Supreme Court held in *State v. Blake* that RCW 69.50.4013(1)—the strict liability drug possession statute—violates state and federal due process, and thus, the statute is unconstitutional and void. 197 Wn.2d at 195. Simon filed a motion requesting to file supplemental briefing to address the impact of *Blake* on his judgment and sentence. Simon then filed a motion requesting this court to remand his case for resentencing in light of *Blake*. The State responded and conceded that Simon's two convictions for unlawful possession of a controlled substance should be vacated and dismissed, and the 12 months of community custody should be stricken from his judgment and sentence. The State also claimed that resentencing would be moot because Simon had served his sentence and was no longer on community custody. We subsequently ordered the State to provide proof of Simon's custody or supervision status. The State confirmed that Simon had served his sentence and was no longer on community custody supervision. Shortly thereafter, the parties filed an agreed RAP 7.2(e) motion requesting that we vacate the 12 month term of community custody with prejudice. This opinion follows.

## ANALYSIS

### I. MOTION TO CONTINUE

Simon argues that he has a Sixth Amendment right to counsel of his choice and the trial court abused its discretion by denying his motion to continue to substitute new counsel on the day of trial. Simon admits that said private counsel was not present in court for trial that day. The State argues that the motion was untimely, Simon did not have a right to counsel of his choice as an indigent defendant, he had adequate counsel present and prepared for trial, no other substitute counsel was present in court for trial that day, and thus the court did not abuse its discretion by

denying the motion. We hold that the trial court did not abuse its discretion by denying the motion for a continuance.

An indigent defendant with appointed counsel does not have a Sixth Amendment right to counsel of choice. *Hampton*, 184 Wn.2d at 662-63. An indigent defendant "can move to substitute counsel when there is an 'irreconcilable conflict' with appointed counsel." *Hampton*, 184 Wn.2d at 663. The right to retain counsel of one's choice must be timely asserted. *State v. Aguirre*, 168 Wn.2d 350, 366, 229 P.3d 669 (2010).

A motion for continuance to retain new counsel must be made "'sufficiently in advance of trial to permit the trial court to readily adjust its calendar.'" *Hampton*, 184 Wn.2d at 669 (quoting 3 WAYNE R. LAFAVE, ET AL., CRIMINAL PROCEDURE § 11.4(c), at 718-20 (3d ed. 2007)). When a court considers a continuance for the purpose of allowing a defendant to retain and substitute counsel of his choice, it may balance that right against the demands of its calendar and "'the public's interest in the prompt and efficient administration of justice.'" *Hampton*, 184 Wn.2d at 663 (quoting *Aguirre*, 168 Wn.2d at 365). "The resolution of this balancing exercise falls squarely within the discretion of the trial court." *Aguirre*, 168 Wn.2d at 365. We review a trial court's decision to deny a continuance to determine whether the denial was "'so arbitrary as to violate due process.'" *Hampton*, 184 Wn.2d at 663 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964)).

We review a trial court's denial of a motion to continue to retain counsel for an abuse of discretion. *Hampton*, 184 Wn.2d at 670. "A trial court abuses its discretion when its decision 'is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.'" *Hampton*, 184 Wn.2d at 670 (quoting *State v. Blackwell*, 120 Wn.2d 882, 830, 845 P.2d 1017

(1993)). "A decision is based 'on untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)). "A decision is 'manifestly unreasonable' if the court, despite applying the correct legal standard to the supported facts, adopts a view 'that no reasonable person would take,' . . . and arrives at a decision 'outside the range of acceptable choices.'" *Rohrich*, 149 Wn.2d at 654 (quoting *State v. Lewis*, 115 Wn.2d 294, 298-99, 797 P.2d 1141 (1990); *Rundquist*, 79 Wn. App. at 793).

When considering whether to grant a continuance to allow substitution of new counsel, the following factors guide the trial court:

> "(1) whether the request came at a point sufficiently in advance of trial to permit the trial court to readily adjust its calendar;
>
> (2) the length of the continuance requested;
>
> (3) whether the continuance would carry the trial date beyond the period specified in the state speedy trial act;
>
> (4) whether the court had granted previous continuances at the defendant's request;
>
> (5) whether the continuance would seriously inconvenience the witnesses;
>
> (6) whether the continuance request was made promptly after the defendant first became aware of the grounds advanced for discharging his or her counsel;
>
> (7) whether the defendant's own negligence placed him or her in a situation where he or she needed a continuance to obtain new counsel;
>
> (8) whether the defendant had some legitimate cause for dissatisfaction with counsel, even though it fell short of likely incompetent representation;
>
> (9) whether there was a 'rational basis' for believing that the defendant was seeking to change counsel 'primarily for the purpose of delay';

(10) whether the current counsel was prepared to go to trial;

(11) whether denial of the motion was likely to result in identifiable prejudice to the defendant's case of a material or substantial nature."

*Hampton*, 184 Wn.2d at 669-70 (quoting CRIMINAL PROCEDURE § 11.4(c), at 718-20).

Our Supreme Court acknowledged that "these situations are highly fact dependent" and the court is not required to apply any mechanical test. *Hampton*, 194 Wn.2d at 669. Further, "[n]ot all factors will be present in all cases, and thus a trial court need not evaluate every factor in every case." *Hampton*, 184 Wn.2d at 670.

Here, Simon's continuance motion was not made until the day of trial. This means his motion was untimely because it was not made "'sufficiently in advance of trial to permit the trial court to readily adjust its calendar.'" *Hampton*, 184 Wn.2d at 669 (quoting CRIMINAL PROCEDURE § 11.4(c), at 718-20). Simon argues that the court could have adjusted its calendar "to accommodate a relatively short delay." Br. of Appellant at 13. But nothing in the record suggest that only a "short delay" was needed. The attorney that Simon said he retained had not been paid a retainer and was not present in court that day to answer the court's questions about the length of the requested continuance and whether it would go beyond the time for trial, or indicate that he could substitute for appointed counsel. As the trial court explained to Simon:

> Well, today's the day for trial. You don't actually have an attorney present ready to step in the shoes of [your appointed counsel]. And I would be asking that attorney, "Are you ready to go to trial or not?" because I would have to [do] an analysis of those [*Hampton*] factors. Can't even engage in that conversation because I don't have another attorney here.
>
> So I'm not today going to grant a motion to withdraw and substitute counsel because I don't have another attorney here to substitute. It doesn't work that way.

Verbatim Report of Proceedings (VRP) (May 14, 2019) at 3-4.

Further, Simon fails to demonstrate that he had actually retained another attorney to represent him. Other than Simon's vague assertion that "people" were delivering money to the other attorney that day, nothing in the record shows that anyone else agreed to represent Simon or substitute as his counsel. Simon argues on appeal that "he and [the other attorney] had developed a defense strategy." Br. of Appellant at 8 (citing CP at 13-17). The record does not support this claim. However, the record does demonstrate that Simon's appointed attorney had been involved in the case for more than four months and advised the court that she was prepared for trial on May 14, the day scheduled for trial to begin.

The trial court did not abuse its discretion by denying Simon's motion to continue trial and substitute counsel because it acknowledged the *Hampton* factors and, incidentally, analyzed the first and tenth *Hampton* factors. As the court in *Hampton* explained, not all of the factors need to be present or evaluated for the trial court to determine if the continuance is warranted. 184 Wn.2d at 670.

Because the trial court's decision to deny Simon's motion to continue decision was not based on untenable grounds or made for untenable reasons, we hold that the trial court did not abuse its discretion.

## II. COMMUNITY SUPERVISION FEE

Simon initially argues that the trial court erred by imposing a community supervision fee as determined by DOC because he is indigent. The State recently conceded that this fee should be stricken. We accept the State's concession and remand for the court to strike this fee and amend the judgment and sentence.

9

III.  IMPACT OF *STATE V. BLAKE*

Following our consideration of this case, the Washington Supreme Court decided *Blake*, holding that Washington's strict liability drug possession statute, RCW 69.50.4013, violates due process and is unconstitutional.  197 Wn.2d at 195.  Shortly thereafter, Simon filed a "Motion to Remand for Resentencing in Light of *Blake*."  He argued that in light of the Supreme Court's holding in *Blake*, we should remand for resentencing for the court to determine the impact of *Blake* on his offender score.  The State in response conceded that Simon's two current unlawful possession of a controlled substance convictions should be vacated and dismissed.  At our request, the State recently confirmed that Simon has served his sentence and has been released, and thus remand for resentencing to determine the impact of Blake on Simon's offender score is no longer required.  We agree with the State.  We also grant the parties' agreed RAP 7.2 motion.

CONCLUSION

We hold that the trial court did not abuse its discretion by denying Simon's motion to continue.  We also grant the parties' agreed RAP 7.2 motion to remand for the trial court to vacate Simon's two current convictions for unlawful possession of a controlled substance, vacate the 12 month community custody with prejudice, strike the community supervision fee, and amend the judgment and sentence accordingly.

No. 53694-3-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

GLASGOW, A.C.J.

MAXA, J.